IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BRUCE HOPKINS,

    Plaintiff,

    v.

OFFICER A. BONVICINO, et al.,

    Defendants.
_____/

No. C 05-02932 JSW

**NOTICE OF QUESTIONS FOR HEARING**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON DECEMBER 15, 2006:

The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority. The parties shall not file written responses to the questions posed in this notice.

The Court **reserves issuing a tentative ruling** on Defendant's motion.

The parties each shall have twenty (20) minutes to address the following questions:

1.  In his Complaint, Hopkins sets forth seven bases on which he premises his section 1983 claim. In response to Defendants' motion, Hopkins addresses only the Fourth Amendment violations, the excessive force claim, and the *Monell* claim.

    a.  Is Hopkins conceding that Defendants are entitled to judgment with respect to the other alleged violations?
    b.  If not, why should the Court not grant Defendants' motion as unopposed on those alleged violations?

2.  In his Complaint, Plaintiff alleges that he prevailed on a motion to suppress in state court, yet there is no evidence of this in response to the motion for summary judgment. Did Plaintiff prevail on such a motion and is there a written order with respect to the motion?

3.  Does Plaintiff concede that Officers Bonvicino and Nguyen are not liable on his excessive force claim?

    a.  If not, is he relying on their failure to intercede as a basis for liability?
    b.  If the answer to this question is yes, what facts support an inference that Officers Bonvicino and Nguyen were aware of the fact that Officer Buelow pointed his gun at Hopkins?

4.  Is Hopkins asserting a separate section 1983 claim based on the allegation that the Defendant Officers did not have probable cause to arrest him, separate and apart from his claim that they lacked probable cause for purposes of the warrantless entry? If so, for which offense: the violation of Vehicle Code § 20002(a) or the violation of Vehicle Code § 23152?

5.  With respect to the second prong of the qualified immunity test, Defendants rely on *People v. Thompson*, 38 Cal. 4th 811 (2006) to argue that the law with respect to whether exigent circumstances existed was not clearly established at the time of Hopkins' arrest. Given that the Ninth Circuit has held that this inquiry should begin by reference to binding precedent, *see Boyd v. Benton Co.*, 374 F.3d 773, 781 (9th Cir. 2004), are the Defendants relying on *Thompson* to argue that Supreme Court and Ninth Circuit precedent on this issue was not clearly established?

2

6. In their reply brief, Defendants only address the position that their entry into Hopkins home was justified under the emergency exception to the warrant requirement.

   a. Are Defendants abandoning their claim that the entry was justified by probable cause and exigent circumstances?

   b. If not, in light of the facts of this case, how do the Defendant Officers reconcile these two bases for entry? Would Defendants agree that the latter exception would apply only if the offense for which probable cause existed was the DUI offense?

7. In their declarations, the Defendant Officers provide additional details regarding what they learned from Ms. Talib about Plaintiff's behavior on the day of his arrest that are not included in their police reports. In light of the fact that the Court must consider the facts, and reasonable inferences therefrom, in the light most favorable to the Plaintiff, why should the Court not look solely to the police reports to consider what the Defendant Officers knew at the time they entered Plaintiff's home?

8. Does the Court correctly understand that Hopkins claims the City is liable under *Monell*, based on the fact that it allegedly did not adequately supervise Officer Buelow with respect to his practice of filling out incident reports when a firearm is pointed at a suspect?

9. Are there any other issues the parties wish to address?

**IT IS SO ORDERED.**

Dated: December 14, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

3