HOWARD ROME MARTIN & RIDLEY LLP
1775 WOODSIDE ROAD, SUITE 200
REDWOOD CITY, CALIFORNIA 94061
TELEPHONE (650) 365-7715

**JOSEPH C. HOWARD, JR. [SBN: 050784]**
**TODD H. MASTER [SBN: 185881]**
**HOWARD ROME MARTIN & RIDLEY LLP**
1775 Woodside Road, Suite 200
Redwood City, CA 94061
Telephone: (650) 365-7715
Facsimile: (650) 364-5297

Attorneys for Defendants
CITY OF SAN CARLOS, OFFICERS ARMAND BONVICINO,
DAVID BUELOW, and NICK NGUYEN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE HOPKINS,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>OFFICER A. BONVICINO, et al.<br><br>　　　　Defendants. | Case No. C 05-2932 JSW<br><br>**STIPULATION AND [PROPOSED]<br>ORDER TO STAY ALL PROCEEDINGS<br>PENDING DEFENDANTS' PETITION FOR<br>WRIT OF CERTIORARI TO THE UNITED<br>STATES SUPREME COURT**<br><br>**Judge:**　　Hon. Jeffrey S. White:<br>**Courtroom:**　11 |

In light of the fact that defendants ARMAND BONVICINO and DAVID BUELOW (collectively, "defendants") will be filing a Petition for a Writ of Certiorari with the United States Supreme Court in response to the Ninth Circuit's July 16, 2009 Opinion and the Ninth Circuit's September 14, 2009 Order denying their Petition for Rehearing, IT IS HEREBY STIPULATED by and between the parties hereto, through their respective attorneys of record, and respectfully requested that the District Court issue an order staying all proceedings before it until the United

---

STIPULATION AND [PROPOSED] ORDER TO CONTINUE STATUS CONFERENCE; Case No. C 05-2932 JSW

1

States Supreme Court has ruled on defendants' petition. Defendants' petition must be filed with the United States Supreme Court on or before December 11, 2009.

This appeal pertains to the District Court's denial of defendants' motion for summary judgment on their claim of qualified immunity. See December 21, 2006 Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment [Document No. 31]. On July 16, 2009, the Ninth Circuit issued its Opinion, affirming in part and reversing in part, the District Court's December 21, 2006 Order. In so ruling, defendants contend that the Ninth Circuit misinterpreted United States Supreme Court precedent (Welsh v. Wisconsin, 466 U.S. 740 (1984)), effectively overturning a recent California Supreme Court decision (People v. Thompson, 38 Cal.4th 811 (2006)) that specifically addresses whether and when a California law enforcement officer may make a warrantless entry into a residence to arrest an individual for DUI – the very issue that is before the Court in the instant case. In light of the fact that the Ninth Circuit's Opinion directly contradicts the California Supreme Court's Thompson decision and, as defendants contend, also contradicts the United States Supreme Court decision in Welsh, defendants believe that they have a compelling reason to seek review pursuant to United States Supreme Court Rule 10(a).

Defendants contend that they are entitled to qualified immunity. Qualified immunity is "an entitlement not to stand trial or face the burdens of litigation." Mitchell v. Forsyth, 472 U.S. 511, 526 (1095). It is "an immunity from suit rather than a mere defense to liability; and like absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." Id. As such, courts, not juries, are to settle ultimate questions of qualified immunity. Johnson v. County of Los Angeles, 340 F.3d 787, 791 (9th Cir. 2003).

Given the foregoing, the parties respectfully request that the District Court issue an order staying all proceedings until defendants have exhausted their final appeal on the issue of qualified

_____

STIPULATION AND [PROPOSED] ORDER TO CONTINUE STATUS CONFERENCE; Case No. C 05-2932 JSW

2

1 immunity and the applicability of the Welsh and Thompson decisions. Without a stay, and if
2 permitted to go to trial before the United States Supreme Court responds to defendants' petition,
3 defendants would effectively lose any qualified immunity defense they may have.

HOWARD ROME MARTIN & RIDLEY LLP

Dated: October 28, 2009          By: ___/s/ Todd H. Master_____
                                         Todd H. Master
                                         Attorneys for Defendants

LAW OFFICE OF ANTHONY BOSKOVICH

Dated: October 28, 2009          By ___/s/ Anthony Boskovich_____
                                         Anthony Boskovich
                                         Attorney for Plaintiff

**ORDER**

Pursuant to the above stipulation, and finding that there is good cause to permit defendants the ability to exhaust their appellate rights on the issue of qualified immunity prior to trial, IT IS HEREBY ORDERED that the trial of this matter is stayed until defendants' petition to the United States Supreme Court is resolved. All parties will be required to attend a Case Management Conference before this Court after the United States Supreme Court renders its decision.

The Status Conference set for December 4, 2009 is VACATED. The Court requests a status report from the parties in 120 days if the petition has not been resolved.
It is FURTHER ORDERED that the parties shall continue to submit status reports every 120 days thereafter until the petition is resolved and the stay may be lifted.

Date: October 28, 2009          By:_____
                                         Hon. Jeffrey S. White

_____

STIPULATION AND [PROPOSED] ORDER TO CONTINUE STATUS CONFERENCE; Case No. C 05-2932 JSW

3