**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BRUCE HOPKINS,

    Plaintiff,

v.

OFFICER A. BONVICINO, et al.,

    Defendants.

No. C 05-02932 JSW

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

## INTRODUCTION

This matter comes before the Court upon consideration of the motion for partial summary judgment filed by Plaintiff Bruce Hopkins ("Hopkins"). Having considered the parties' papers, relevant legal authority, and the record in this case, the Court HEREBY GRANTS IN PART AND DENIES IN PART Hopkins' motion.

## BACKGROUND

**A.  Procedural History.**

On July 19, 2005, Hopkins filed his complaint alleging violations of 42 U.S.C. § 1983 against San Carlos Police Officers Armand Bonvicino, David Buelow (collectively "the Officer Defendants"), Officer Nick Nguyen and the City and County of San Carlos ("the City").

On December 21, 2006, the Court granted in part and denied in part the Officer Defendants' motion for summary judgment on the issue of qualified immunity. *Hopkins v. Bonvicino*, 2006 WL 3785640 (N.D. Cal. Dec. 21, 2006). The Officer Defendants appealed, and, on July 16, 2009, the United States Court of Appeals for the Ninth Circuit concluded that

1  Officers Bonvicino and Buelow were not entitled to qualified immunity on Hopkins' claims for
2  unlawful warrantless entry of his home, unlawful arrest without probable cause, and excessive
3  use of force.[1]  The Ninth Circuit concluded, however, that Officer Nguyen was entitled to
4  qualified immunity on all claims.  *See generally Hopkins v. Bonvicino*, 573 F.3d 752 (9th Cir.
5  2009).
6       Upon remand, the parties engaged in additional fact discovery, and the Court granted
7  Hopkins leave to file a motion for summary judgment.  (*See* Docket Nos. 66, 67.)  On August 3,
8  2010, Hopkins filed the instant motion, in which he asks the Court to adjudicate the issue of the
9  Officer Defendants' liability in his favor.[2]

10  **B.     Factual Background.[3]**

11       Hopkins claims that the Officer Defendants violated his constitutional rights: (1) to be
12  free from unreasonable searches and seizures; (2) to be free from arrest without probable cause;
13  and (3) to be free from the use of excessive force.  The City's liability for these actions is
14  premised on *Monell v. Dep't of Social Sevcs.*, 436 U.S. 658 (1978).  Hopkins' claims arise from
15  an incident that occurred on August 22, 2003   In brief, on that date, Hopkins stopped at the
16  American Legion and had three to four sixteen-ounce beers before he went home.  (*See*
17  Declaration of Todd Master in Opposition to Motion for Summary Judgment, Ex. A (Deposition
18  of Bruce Hopkins ("Hopkins Depo.") at 58:19-60:2).)  On his way home, Hopkins was involved
19  in a traffic accident and hit a car driven by a woman named Waheeda Talib.  After the accident,

---

[1] The Ninth Circuit noted that Hopkins' Section 1983 claim premised upon unlawful arrest "encompasse[d] two different arrests: one that occurred inside Hopkins' home, and a second that occurred once he was brought outside and placed under citizen's arrest." *Hopkins*, 573 F.3d at 772. Although the Ninth Circuit concluded that Officers Bonvicino and Buelow were not entitled to qualified immunity with respect to the former arrest, it determined that all the officers were entitled to qualified immunity on the latter. *Id.* at 772-776.

[2] Hopkins' claims against the City are not addressed in his motion, and the Ninth Circuit's opinion was limited to the claims against the Officer Defendants. *Hopkins*, 573 F.3d at 760 n.1.

[3] The incident giving rise to Hopkins' claims is described in more detail both in this Court's December 21 Order and in the Ninth Circuit's opinion. *See Hopkins v. Bonvicino*, 2006 WL 3785640, at *1-*2 (N.D. Cal. Dec. 21, 2006); *Hopkins*, 573 F.3d at 760-62.

1  Ms. Talib followed Hopkins to his home; accused him of drinking and hitting her car; and,
2  when Hopkins went inside his home, called the police. (*See* Defendants' Request for Judicial
3  Notice ("RJN"), Ex. 1 (Declaration of Carol Clark, ¶ 3, Ex. A); Ex. 5 (Declaration of Nick
4  Nguyen ("Nguyen Decl."), ¶¶ 4-6, Ex. C).)

5  Shortly thereafter, the Officer Defendants arrived on the scene and attempted to contact
6  Hopkins. Eventually, the Officer Defendants entered Hopkins' home, and claimed they did so
7  because they were concerned that Ms. Talib may have mistaken the smell of alcohol on
8  Hopkins' breath for a fruity odor associated with a diabetic coma. The Officer Defendants
9  entered the house with their guns drawn, and eventually located Hopkins in his room, placed
10 Hopkins in handcuffs and took him outside. (RJN, Ex. 2 (Declaration of Armand Bonvicino
11 ("Bonvicino Decl."), ¶¶ 5-12), Ex. 3 (Declaration of David Buelow ("Buelow Decl."), ¶¶ 5-
12 10).) Ms. Talib then identified Hopkins as the driver of the vehicle that hit her vehicle. (*See,*
13 *e.g.,* Nguyen Decl., ¶¶ 7-9.) Hopkins was arrested for a violation of California Vehicle Code §
14 20002(a), upon Ms. Talib's decision to make a citizen's arrest. Hopkins also was arrested for
15 violation of California Vehicle Code § 23152, after Bonvicino conducted field sobriety tests and
16 after his breath tests registered a blood alcohol content of .20 and .18. (Bonvicino Decl., ¶¶ 13-
17 16, Exs. A-B.)

18 The Court shall address additional facts, as necessary, in its analysis.

## ANALYSIS

**A.     Legal Standards Applicable to Motions for Summary Judgment.**

Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). A fact is "material" if the fact may affect the outcome of the case. *Id.* at 248. "In considering a motion for summary judgment, the court may not weigh the evidence or make credibility determinations, and is required to draw all inferences in a light

3

1 most favorable to the non-moving party." *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir.
2 1997).

3 A principal purpose of the summary judgment procedure is to identify and dispose of
4 factually unsupported claims. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323-24 (1986). The
5 party moving for summary judgment bears the initial burden of identifying those portions of the
6 pleadings, discovery, and affidavits which demonstrate the absence of a genuine issue of
7 material fact. *Id.* at 323. Where the moving party will have the burden of proof on an issue at
8 trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for
9 the moving party. *Id.* Once the moving party meets this initial burden, the non-moving party
10 must go beyond the pleadings and by its own evidence "set forth specific facts showing that
11 there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The non-moving party must "identify
12 with reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allan*,
13 91 F.3d 1275, 1279 (9th Cir. 1996) (quoting *Richards v. Combined Ins. Co.*, 55 F.3d 247, 251
14 (7th Cir. 1995)) (stating that it is not a district court's task to "scour the record in search of a
15 genuine issue of triable fact"). If the non-moving party fails to make this showing, the moving
16 party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323.

17 **B. Hopkins' Motion is Granted in Part and Denied in Part.**

18 Hopkins argues that the "law of the case" doctrine necessitates a finding in his favor on
19 liability. "Under the 'law of the case' doctrine, a court is ordinarily precluded from
20 reexamining an issue previously decided by the same court, or a higher court, in the same case."
21 *Old Person v. Brown*, 312 F.3d 1036, 1039 (9th Cir. 2002) (quoting *Richardson v. United*
22 *States,* 841 F.2d 993, 996 (9th Cir. 1998)). "A court may depart from the law of the case if: (1)
23 the first decision was clearly erroneous; (2) an intervening change in the law has occurred; (3)
24 the evidence on remand is substantially different; (4) other changed circumstances exist; or (5) a
25 manifest injustice would otherwise result." *United States v. Scrivener*, 189 F.3d 825, 827 (9th
26 Cir. 1999) (quoting *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997)). The Officer
27 Defendants argue that the evidence on remand is substantially different from that presented to
28 the Ninth Circuit and that a "manifest injustice" would result if the Court applies the law of the

4

case doctrine. (Opp. Br. at 14:16-19, 15:5-8.)

In resolving the issue of qualified immunity, the Ninth Circuit was required to determine whether the Officer Defendants violated Hopkins' constitutional rights, and it resolved the latter issue by viewing the facts in the light most favorable to Hopkins. *See Hopkins*, 573 F.3d at 760 n.2, 764-65, 773, 775-76. As the moving party, Hopkins is no longer entitled to the benefit of that standard of review. Further, the Court "cannot grant the motion solely in reliance on the appellate holdings; it must examine whatever materials" Defendants have presented "in opposition to the summary judgment." *Pubali Bank v. City Nat'l Bank*, 777 F.2d 1340, 342 (9th Cir. 1985). The Court should grant Hopkins' motion, only "[i]f that material produces no new evidence and evinces no factual dispute, the resolution of which might change the law applied by the appellate court." *Id.* Accordingly, the Court examines the facts – and reasonable inferences therefrom – in the light most favorable to the Officer Defendants to determine whether there are genuine issues of material fact in dispute that would preclude a finding of liability. As to the unlawful entry and unlawful arrest claims, based on the Ninth Circuit's opinion, the Court concludes there are not. However, the Court concludes that there are genuine issues of material fact in dispute that would preclude a finding of liability on the excessive force claim.

### 1. The Warrantless Entry and The Arrest in Hopkins' Home.

It remains undisputed the Officers Bonvicino and Buelow did not have a warrant when they entered Hopkins' home and subsequently arrested him. Thus, unless a recognized exception to the warrant requirement justifies their actions, Hopkins will be able to establish liability on these claims. The Officer Defendants again rely on the emergency exception and on the exigent circumstances exception to justify their actions.

#### a. The emergency exception does not apply.

In order for the emergency exception to apply, the Officer Defendants must have had "'reasonable grounds' to believe that an emergency [was] at hand and that [their] immediate attention [was] required." *Hopkins*, 573 F.3d at 763 (*citing United States v. Cervantes*, 219 F.3d 882, 888 (9th Cir. 2000)). The new evidence obtained from Mr. Talib during her

deposition does not alter the fact that the accident was minor in nature and that no party appeared to be seriously injured. Thus, there are no facts that would alter the Ninth Circuit's conclusion that "the mere fact that the officers were responding to a minor 'hit-and-run' cannot justify their warrantless entry into Hopkins' home." *Id.* at 764.

In addition, although Ms. Talib provided more information in her deposition about her observations of the manner in which Hopkins was driving and his behavior once he reached his home, the only information that she conveyed to the Officer Defendants were facts that suggested Hopkins had been drinking. As the Ninth Circuit stated, without more, those facts do "not create 'reasonable grounds' to suspect a diabetic emergency sufficient to justify a warrantless entry into a home." *Id.* at 765-66.

### b. The exigent circumstances exception does not apply.

A warrantless entry may be justified when "the officers have probable cause *and* are presented with exigent circumstances." *LaLonde v. County of Riverside,* 204 F.3d 947, 954 (9th Cir. 2000) (citing *Payton v. New York*, 445 U.S. 573, 590 (1980)) (emphasis in original); *see also United States v. Prescott*, 581 F.2d 1343, 1350 (9th Cir. 1978) ("[A]bsent exigent circumstances, police who have probable cause to arrest a felony suspect must obtain a warrant before entering a dwelling to carry out the arrest."). Similarly, a warrantless arrest within a home is not justified "unless [the officers] have both probable cause and exigent circumstances." *Hopkins*, 573 F.3d at 773.

The Officer Defendants conceded that "the only crime for which they can claim to have had probable cause to enter Hopkins' residence is driving under the influence of alcohol, a violation of" California Vehicle Code § 23152. *Hopkins*, 573 F.3d at 767. Relying on *Welsh v. Wisconsin*, 466 U.S. 740 (1984), the Ninth Circuit concluded that, even if the Officer Defendants had probable cause to arrest Hopkins for driving under the influence, as a matter of law there were no exigent circumstances justifying their entry into his home. *Hopkins*, 573 F.3d at 768-69 ("[I]t is clear that whatever 'rare' circumstances might justify a warrantless home entry to investigate a misdemeanor, misdemeanor driving under the influence, the very offense

at issue in *Welsh* ... does not fall within that very narrow exception."); *id.* at 773-774 (addressing unlawful arrest).

Accordingly, the Court grants, in part, Hopkins' motion and concludes that the Officer Defendants are liable on these claims.

### 2. The Use of Excessive Force.

Hopkins' final claim against the Officer Defendants is that they used excessive force when they arrested him. It is clearly established that the use of excessive force by police officers in an arrest violates the arrestee's Fourth Amendment right to be free from unreasonable seizure. *White v. Pierce County*, 797 F.2d 812, 816 (9th Cir. 1986). Hopkins' excessive force claim is premised on his assertion that both Officers Bonvicino and Buelow pointed their weapons at him when they entered his room.

The Ninth Circuit has held that a claim for excessive force based on the fact that a weapon was pointed at a suspect in the context of a seizure can give rise to a claim for excessive force. *See, e.g., Robinson v. Solano County*, 278 F.3d 1007, 1013 (9th Cir. 2002). Whether an officer's conduct was reasonable is an objective one, however, asking "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989). The Court must consider whether the totality of the circumstances justifies the force used, examining particularly the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight. *Id.* at 396 (citing *Tennessee v. Garner*, 471 U.S. 1, 8-9 (1985)).

"The 'reasonableness' of the particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id.* (citing *Terry v. Ohio*, 392 U.S. 1, 20-22 (1968)). "Because questions of reasonableness are not well-suited to precise legal determination, the propriety of a particular use of force is generally an issue for the jury." *Chew v. Gates*, 27 F.3d 1432, 1440 (9th Cir. 1994).

7

1    It is undisputed that at the time the Officer Defendants seized Hopkins any crime for
2 which he was suspected was, at best, a misdemeanor.  The Officer Defendants attest that they
3 entered Hopkins' home with their guns drawn "for officer safety because of our unfamiliarity
4 with the residence, Hopkins, or any other persons who might be inside."  (*See* Bonvicino Decl.,
5 ¶ 10; Buelow Decl., ¶ 8; *see also* Bonvicino Depo. at 130:19-22 (noting that he had not
6 "precluded the possibility" that others might be present in the home).)  Officer Bonvicino also
7 testified that the room in which they found Hopkins was "pitch black."  (Bonvicino Depo. at
8 126:14-19, 127:19-128:1.)  When the Officer Defendants encountered Hopkins, the facts
9 suggest that he "staggered" towards them, but was otherwise cooperative and did not attempt to
10 flee from them or resist arrest.  (Bonvicino Decl., ¶ 11; Bonvicino Depo. at 130:25-132:9,
11 137:23-138:4; Buelow Decl., ¶ 9; )

12    Hopkins testified that both Officers Bonvicino and Buelow were pointing their weapons
13 at him.  (Hopkins Depo. at 70:3-16, 93:23-94:1, 103:15-19.)  However, Hopkins also testified
14 that four to six officers entered his room.  (*Id.* at 70:9-10, 94:2-14.)  In contrast to Hopkins'
15 testimony, Officer Bonvicino testified that he did not have his weapon pointed at Hopkins but
16 instead had it in the "low ready" position, that he did not point his weapon at Hopkins because
17 he did not perceive a lethal danger from him, and that it would not have been appropriate for
18 him to have pointed a weapon at Hopkins.  Officer Bonvicino also testified he did not know
19 whether Officer Buelow pointed his weapon at Hopkins.  (Bonvicino Depo. at 118:14-119:21,
20 128:17-23, 129:19-21, 143:2-144:14; *see also* Bonvicino Decl., ¶ 11.)

21    Officer Buelow testified that he pointed his weapon at Hopkins and attested that he did
22 not holster the weapon until after Officer Bonvicino had put Hopkins in handcuffs because he
23 "no longer believed that [Hopkins] was a potential threat to officer safety."  (Buelow Depo. at
24 78:16-19; Buelow Decl., ¶ 9.)  The Ninth Circuit, viewing the facts in the light most favorable
25 to Hopkins, determined that the Officer Defendants were not entitled to qualified immunity on
26 this claim.  When the Court now views the facts and the reasonable inferences that can be
27 drawn from those facts in the light most favorable to the Officer Defendants, as it must on this
28

8

1  motion, the Court concludes that are genuine issues of material fact in dispute that preclude a
2  finding of liability in Hopkins favor on the excessive force claim.
3  Accordingly, the Court denies, in part, Hopkins' motion on this claim.

## CONCLUSION

For the foregoing reasons, Hopkins' motion is granted in part and denied in part.

**IT IS SO ORDERED.**

Dated: September 17, 2010

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE