IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE HOPKINS,<br><br>    Plaintiff,<br><br>  v.<br><br>OFFICER BONVICINO, et al.,<br><br>    Defendants.<br>_____/ | No. C 05-02932 JSW<br><br>**ORDER: (1) DENYING REQUEST FOR RECONSIDERATION OF ORDER GRANTING PARTIAL SUMMARY JUDGMENT**; **(2) DENYING PLAINTIFF'S REQUEST FOR BIFURCATION OF TRIAL** |

Having received and considered the parties' Pretrial Filings, the Court issues this Order in advance of the Pretrial Conference scheduled for March 28, 2011, in order to provide the parties with guidance.

**1.    Defendants' Request for Reconsideration is Denied.**

On September 17, 2010, this Court issued an Order Granting in Part and Denying in Part Plaintiff's Motion for Partial Summary Judgment. In that Order, the Court granted summary judgment on the issue of liability with respect to Plaintiff's claims under 42 U.S.C. § 1983 for unlawful entry and unlawful arrest against the individual defendants.

In their pretrial filings, Defendants have stated that they "seek reconsideration of the Court's decision as to whether Officers Bonvicino and Buelow lawfully entered plaintiff's residence" and "seek reconsideration of the Court's decision as to whether Officer Bonvicino had probable cause to arrest plaintiff."

Under Northern District Civil Local Rule 7-9, a party may seek leave to file a motion for reconsideration any time before judgment. N.D. Civ. L.R. 7-9(a). A motion for reconsideration may be made on one of three grounds: (1) a material difference in fact or law exists from that which was presented to the Court, which, in the exercise of reasonable diligence, the party applying for reconsideration did not know at the time of the order; (2) the emergence of new material facts or a change of law; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments presented before entry of judgment. N.D. Civ. L.R. 7-9(b)(1)-(3). The moving party may not reargue any written or oral argument previously asserted to the Court. *Id.*, 7-9(c). Defendants also refer to Federal Rule of Civil Procedure 60. Under Rule 60(b), Defendants must show, *inter alia*, that relief from this Court's Order would be justified by: (1) mistake, inadvertance, surprise or excusable neglect; (2) newly discovered evidence that, with reasonable diligence could not have been discovered; (3) fraud; or (4) any other reason that justifies relief.

Although it has been over five months since this Court issued its Order, Defendants still have not filed a motion for leave to file a motion for reconsideration of the Court's ruling on liability as to the unlawful entry and unlawful arrest claims. In their trial brief, Defendants point to facts that they contend this Court ignored in ruling on Plaintiff's motion for summary judgment. The Court considered those facts and rejected Defendants' arguments. By this Order, the Court wishes to make clear that the issue of liability on the unlawful entry and unlawful arrest claims will not be presented to the jury. The only issue for the jury as to those claims will be the issue of damages. Accordingly, Defendants' request for reconsideration is DENIED, and the Court shall not consider further argument on this point at the pretrial conference.

**2.     The Court Denies Plaintiff's Request to Bifurcate Punitive Damages.**

In his trial brief, Plaintiff argues that the Court should conduct a trial solely on the issue of compensatory damages and then, if he so elects, proceed to conduct a "lengthier" trial on the issue of punitive damages. Pursuant to Federal Rule of Civil Procedure 42(b), "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate

2

1  trial of one or more separate issues...." The determination of whether or not to grant a motion to
2  bifurcate is a matter committed to the Court's discretion. *See Hangarter v. Provident Life &*
3  *Accident Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004). The Court may consider such factors as
4  potential prejudice to the parties, jury confusion, convenience and judicial economy. *See, e.g.,*
5  *Green v. Baca*, 226 F.R.D. 624, 630 (C.D. Cal. 2005). The Court concludes that convenience
6  and judicial economy do not weigh in favor of bifurcation. In addition, the Court concludes that
7  evidence relating to whether the Plaintiff is entitled to punitive damages would not confuse the
8  jury. The Court also believes that neither party will be unduly prejudiced by consideration of
9  this evidence, because the Court can address that issue by way of its rulings on Plaintiff's
10 motions in limine.

11    Accordingly, Plaintiff's motion to bifurcate the issue of punitive damages is DENIED.
12    **IT IS SO ORDERED.**

14 Dated: March 21, 2011

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

3