**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BRUCE HOPKINS,

    Plaintiff,

v.

ARMDAND BONVICINO, et al.,

    Defendant.
                                  /

No. C 05-02932 JSW

**COURT'S INTENDED VOIR DIRE**

    The parties are HEREBY ADVISED that the following constitutes the Court's Intended Voir Dire. Any objections to the intended voir dire must be filed in writing by no later than Monday, April 4, 2011.

    **IT IS SO ORDERED**

March 25, 2011

                                                 JEFFREY S. WHITE
                                                 UNITED STATES DISTRICT JUDGE

**STATEMENT OF THE CASE**

In this lawsuit, Plaintiff, Bruce Hopkins, brings claims against Defendants, Officer Armand Bonvicino and Officer David Buelow, as well as claims against the City of San Carlos. Specifically, Plaintiff seeks damages for injuries that he allegedly sustained as a result of the Defendant Officers' entry into his residence on August 22, 2003, his subsequent arrest, and alleged use of excessive force. This Court already has found that the Officers are liable for unlawful entry and unlawful arrest, and you will not be called upon to decide that issue. You will be called upon to decide the amount of damages, if any, to which Plaintiff is entitled as a result of that conduct. You also will be called upon to decide whether the Defendant Officers are liable for excessive force and whether the City is liable for violating Plaintiff's constitutional rights.

**QUESTIONS TO PANEL**

1. Has any member of the panel heard or read anything about the case?
2. The Plaintiff in this case is Bruce Hopkins, and he is represented by Anthony Boskovich.
    a) Do any of you, or any member of your family or your close friends, know any of these persons?
    b) Have any of you, or any member of your family or your close friends, had any business dealing with them or were represented by them?
    c) Have any of you, or any member of your family or your close friends had any other similar relationship or business connection with any of them?
2. The Defendants in this case are the City of San Carlos, and individual officers Armand Bonvicino and David Buelow. Defendants are represented by Joseph C. Howard, Jr. and Todd H. Master.
    a) Do any of you, or any member of your family or your close friends know any of these persons?
    b) Have any of you, or any member of your family or your close friends had any business dealing with them or were represented by them?

    c) Have any of you, or any member of your family or your close friends had any other similar relationship or business connection with any of them?

3. As I indicated, my name is Jeffrey S. White.  Do any of you know me?

4. My courtroom deputy is Jennifer Ottolini and my Law Clerks are Daisy Salzman, Hera Kim, and Kristin Ring.  Do any of you know any of these people?

5. **[The parties shall introduce their witnesses to the venire.  The Judge will direct panel members to raise their hands and keep hands raised if they recognize a name]:** Do any of you know or have any of you had dealings, directly or indirectly, with any of the following individuals or organizations whose names may be mentioned or who may be witnesses during the course of this trial?

6. Do any of you know or have any of you had dealings, directly or indirectly, with any other police officers in the City of San Carlos or Sheriff Deputies in the County of San Mateo?

    a) If you answer is yes, what was the nature of your dealings with the Officer(s) or Sheriff(s)?

    b) Is there anything about your dealings with that person or persons that would prevent you from being a fair and impartial juror in this case?

8. This case is a civil rights case, which involves allegations involving Plaintiff's constitutional rights.  Is there anything about the nature of this type of case that would make it difficult for you to be a fair and impartial juror?

9. Have any of you or anyone in your immediate family had any training in the law, including any specialized training in civil rights law?

    a) Is there anything about that knowledge or training that would affect your ability to be a fair and impartial juror in this case?

10. Do any of you personally know any law enforcement officers?

    a) How do you know that person?

3

      b)    Is there anything about that knowledge of that person or your relationship with them that would affect your ability to be a fair and impartial juror in this case?

11. Have any of you, any member of your family or any close friend ever been detained or arrested by police officers?

      a)    Is there anything about that experience that would affect your ability to be a fair and impartial juror in this case?

12. Have any of you, any member of your family or any close friend ever been physically subdued or restrained by a police officer?

      a)    Is there anything about that experience that would affect your ability to be a fair and impartial juror in this case?

13. Have any of you, any member of your family or any close friend ever had any other type of contact with a police department or police officer, including but not limited to the San Carlos Police Department, which would in any way influence the way you would analyze the facts and law in this case?

14. Do any of you know of any person who has ever been unfairly treated or mistreated in any way by a police officer?

      a)    Is there anything about that experience that would affect your ability to be a fair and impartial juror in this case?

15. Do any of you believe that if a citizen has a disagreement with a police officer that the police officer is more likely or less likely to be correct?

16. Do any of you believe that if a citizen has a disagreement with a police officer that the citizen is more likely or less likely to be correct?

17. Have any of you, any member of your family, or close friend ever been arrested or detained on a charge of driving while under the influence of alcohol?

      a)    Is there anything about that experience that would make it difficult for you to be a fair and impartial juror in this case.

4

19. You will learn that the Plaintiff has a problem with alcohol abuse. Is there anything about that fact that would make it difficult for you to be a fair and impartial juror in this case?

20. In some civil rights cases, the damages involve emotional rather than physical injuries. Is there anything about that fact that would impact your ability to reach a fair and impartial verdict in this case?

21. If you are selected as a juror, you may have to resolve conflicts in the testimony of witnesses. This means you may have to decide whether to believe or reject all or part of a witness' testimony. Do any of you feel that this is something you cannot do?

22. If you are selected to sit on this case, is there anyone who thinks they will not be able to render a verdict solely on the evidence presented at the trial and in the context of the law as I will give it to you in my instructions, disregarding any other ideas, notions, or beliefs about the law that you may have encountered in reaching your verdict?

23. Having heard the questions put to you by the Court, can any of you think of any other reason suggest as to why you could not sit on this jury and render a fair verdict based on the evidence presented to you and in the context of the Court's instructions to you on the law?

24. Do any of you have anything that you would like to bring to the Court's attention (*e.g.*, health problems, hearing problems, difficulty understanding English, personal bias, financial problems, etc.) that might affect your ability to be an effective, fair and impartial juror?